IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WARDELL MOORE,                     §
FAYETTE COUNTY JAIL #16937,        §
(Former TDCJ-CID #845237),         §
                                   §
              Plaintiff,           §
                                   §    CIVIL ACTION NO. H-06-1966
v.                                 §
                                   §
JUSTIN HAVELKA, et al.,            §
                                   §
              Defendants.          §

**MEMORANDUM OPINION AND ORDER**

Wardell Moore, an inmate of the Fayette County Jail, has filed a prisoner civil rights complaint against various government officials.  He has also filed an Application to Proceed In Forma Pauperis.  This action will be dismissed due to Moore's history of filing frivolous civil rights complaints.

Moore claims that law enforcement officers from the Schulenburg Police Department and the Fayette County Sheriff's Department have assaulted him, subjected him to unlawful arrest, and stole his personal property.  He also claims that he has been denied medical attention for his wounds.  Moore alleges that he was stabbed by a woman named Michelle Harold in June of 2004.  The Schulenburg Police and the Fayette County EMS were called to the scene.  Moore states that he told the law enforcement officers what had happened and showed them his wound.  However, when the officers

learned who he was, they arrested Moore and did not allow the paramedics to treat his wound.   Moore alleges that the officers then roughed him up and took approximately $130.00 from him.

Moore asserts that the officers started to take him directly to jail, but were forced to take him to the hospital because he was screaming very loudly.   A doctor saw Moore, gave him an injection, and stitched up the wound.   Moore was then taken to Fayette County Jail where he was booked for felony assault involving family violence.

Moore claims that jail personnel denied him medical attention. He was released several weeks later on a personal recognizance bond.   A Fayette County Grand Jury subsequently no-billed him on a family violence charge.   Moore has approached numerous attorneys hoping that someone would file a civil rights suit against the defendants, but no one offered to represent him.

Moore alleges that the Schulenburg police chief assaulted him on January 30, 2005.   Although Moore admits that he is still pursuing administrative remedies on this claim, he includes the incident as proof that there is an ongoing conspiracy against him.

Moore states he was assaulted again on December 23, 2005, this time by a convicted felon named Donald Jackson.   Jackson allegedly cut one of Moore's fingers and held him at gunpoint.   Officer Chris McClung and another officer from the Schulenburg Police Department responded to Moore's call.   When Moore explained to the officers

what happened they placed him under arrest, and he was 'abducted' (Docket Entry No. 1, at 12) by paramedics and taken to a hospital in Weimar, Texas.  Moore's wound was stitched, and he was released from the hospital.  He complains that he was forced to walk nine miles back to his home in Schulenburg.

Moore claims that he was once again the victim of another brutal kidnaping at the hands of the Schulenburg police and the Fayette County Sheriff's Department.  He contends that the officers had no probable cause when they arrested him at his family's 'estate' on April 30, 2006.  He alleges that one of the officers choked him before taking him to jail.  He further complains that he has been denied medical attention since he has been placed in jail.  However, no life threatening, excruciating, or debilitating injuries have been alleged.  Moore seeks one million dollars in damages from each defendant and injunctive relief.

Although prisoners filing pro se civil rights complaints are accorded liberal construction, the courts are not obligated to accept every declaration as true.  See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).  Moore has included a copy of an incident report (Docket Entry No. 1, at 21-22) dated April 30, 2006.  The report verifies that Schulenburg police officers arrested Moore at approximately 1:30 that morning after being told that Moore had assaulted a female.  At the time of his arrest, Moore was being physically restrained by members of his own family, and he was both

-3-

assaultive and verbally abusive. Moore's violent behavior
continued after he was placed in the patrol car, and he kicked one
of the officers in the eye.

Moore was placed in leg restraints while he was in the patrol
car. Although Moore declared that he had an injured lip, the
officers did not observe any injuries. Moore was still combative
when he arrived at the Fayette County Jail, and he was put in a
padded cell to keep him from injuring himself. Such a record
undermines Moore's story of unprovoked abuse and deprivation at the
hands of law enforcement officials in Fayette County, Texas. See
Colston v. Barnhart, 130 F.3d 96 (5th Cir. 1997); Banuelos v.
McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Moore's credibility is further eroded by his history of filing
prisoner civil rights complaints, three of which have been
dismissed as frivolous or as having no legal basis under 28 U.S.C.
§ 1915(e). Moore v. Vandell, No. H-99-2499 (S.D. Tex. Jan. 30,
2002); Moore v. Vanicek, No. H-99-4133 (N.D. Tex. Aug. 20, 2001);
Moore v. Grant, No. SA-99-CA-852 (W.D. Tex. Dec. 6, 1999). The
Fifth Circuit dismissed one of Moore's appeals as frivolous. Moore
v. Vanicek, No. 01-20913 (5th Cir. Feb. 21, 2002) (appeal of
No. H-99-4133).

Moore has proven himself to be a troublesome litigant who has
filed complaints that have no legal bases. Although he might have
been subjected to some rough treatment, the court is skeptical that

-4-

he has stumbled across an actionable constitutional claim. Regardless of the veracity of Moore's pleadings, his prior history prevents him from filing another complaint as a pauper. Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee, if he has, on three or more prior occasions, filed a prisoner action in federal court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Although Moore alleges that he has been subjected to assault, he has failed to show that he is in any immediate danger of being harmed. See Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Consequently, Moore's complaint shall be **DISMISSED** because he has failed to show that he is eligible to proceed as a pauper. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Choyce v. Dominquez, 160 F.3d 1068, 1071 (5th Cir. 1998).

## Conclusion

Accordingly, the court **ORDERS** as follows:

1. The Complaint Under 42 U.S.C. § 1983, Civil Rights Act (Docket Entry No. 1) filed by Wardell Moore, is **DISMISSED without prejudice** to refiling after paying the entire filing fee in advance. 28 U.S.C. § 1915(g).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED.**

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel,

P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and to Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 4th day of October, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE